**MALLARD et al. v. LUTZ et al.**

**MALLARD et al. v. STORER et al.**

**Nos. 9947, 9948.**

United States Court of Appeals District of Columbia Circuit.

Argued February 10, 1949.

Feb. 28, 1949.

A. Yates Dowell, of Washington, D. C. (Philip E. Siggers, of Washington, D. C., on the brief), for appellants.

G. H. Strickland, of Dayton, Ohio (John G. Sbarbaro, of Washington, D. C., and R. R. Candor, of Dayton, Ohio, on the brief), for appellees.

Before EDGERTON, PRETTYMAN and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

These were civil actions in patent matters brought in the District Court under Section 4915 of the Revised Statutes, 35 U. S.C.A. § 63. They were dismissed for lack of jurisdiction.

The pertinent section of the statute [1] provides that the District Court of the United States for the District of Columbia shall have jurisdiction "if it shall appear that there [are] * * * adverse parties residing in a plurality of districts not embraced within the same State".

In No. 9947, which was Civil Action No. 38,210 below, two parties, one Lutz and General Motors Corporation, were named as defendants in the complaint. Lutz was a resident of Pennsylvania, and General Motors was a Delaware corporation. It was alleged in the complaint, and seemed to be agreed in the District Court, that General Motors is the owner of the patent application by assignment from Lutz. The court was of the opinion that by reason of the assignment General Motors Corporation was the only adverse party. Consequently, it concluded that it had no jurisdiction under the statute above quoted.

Lutz and General Motors joined in answering the complaint. Throughout the answer, they referred to themselves as "defendants" and as "Defendants herein, namely Lutz and General Motor Corporation". Indeed, at one point in the answer, they denied the allegation of the complaint that General Motors is the owner by assignment from Lutz, but later, in their affirmative allegations, they averred that General Motors is the owner by assignment of the Lutz application and the invention thereof. They also alleged that "these defendants Edward H. Lutz and General Motor Corporation are entitled to the grant of Letters Patent containing claims covering the subject matter of said interference." Among other prayers, they prayed the court "To decree that the defendant Edward H. Lutz is the original, first and sole inventor of the subject matter of Interference 75,443".

It thus appears, from the pleadings, that there were in fact two parties defendant in the action. Even though it appears that General Motors was the assignee of Lutz, and thus was the sole owner of the application and the only potential recipient of a patent if the defendants prevailed, nevertheless, for some reason satisfactory to him, Lutz appeared as a party, filed an answer, and was apparently prepared to participate in the proceedings. He appears, by his own description, as one of the "Defendants-Appellees" in this court.

We think that when a person assumes the status of a party in a proceeding, he is to be treated as such. He cannot be a party for some purposes and not a party for others, and the court cannot evaluate his interest in the subject matter in order to determine in what respects he is and in what other respects he is not a party. Lutz cannot secure for himself whatever advantage may accrue to him as a party to the proceeding and, at the same time, upon the ground that he is not a party, secure the dismissal of the action against him.

In No. 9948, which was Civil Action No. 38,212 in the court below, one Storer, a resident of Colorado, and "Frigidaire Div., General Motors Corp.", the address of which is given as Dayton, Ohio, were

---

[1] Act of March 3, 1927, 44 Stat. 1394, 35 U.S.C.A. § 72a.

named in the complaint as defendants. Storer and General Motors Corporation answered. The complaint alleged that "Frigidaire" is the licensee of Storer; the answer said that General Motors Corporation is the owner of the application by assignment from Storer. Otherwise the pleadings and the circumstances as to parties are about the same as in No. 9947. The same comments and ruling apply.

We conclude that the District Court was in error, and its judgment must be and it is hereby

Reversed.